UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOANNE M. RIEBEL,

Petitioner,

v.

DERRINDA MITCHELL, Conservator, and Administrator CARL MONSON, Lynnhurst Nursing Home,

Respondents.

Civil No. 00-2153 (MJD/JGL)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court concludes that Petitioner's habeas corpus petition cannot be entertained at this time, because she has not exhausted her available state court remedies. It will therefore be recommended that the application for writ of habeas corpus be SUMMARILY DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

The instant petition was filed by Darlene C. Sammarco, who is the mother of the named Petitioner, Joanne M. Riebel. Much of the petition is very difficult to decipher. It

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED SEP 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

appears, however, that Petitioner has a lengthy history of mental illness, and that she has been in and out of various treatment facilities during the past several years. It further appears that some of the time Petitioner has spent in such facilities has been the result of involuntary commitment. As far as the Court can tell, Petitioner was released from a treatment facility in Anoka, Minnesota, in December 1999. Petitioner's submissions seem to indicate that on August 18, 2000, she was recommitted to the Lynnhurst Nursing Home in St. Paul, Minnesota. According to the petition, there was "[n]o hearing for 8/18/00 to present imprisonment." (Petition, [Docket No. 1], p. 1.)

Sammarco contends that her daughter wishes to be released from the facility where she is "confined," but she is unable to pursue such relief by herself. Sammarco claims that Petitioner is being held in violation of her federal constitutional rights, and she seeks a writ of habeas corpus, purportedly on behalf of her daughter, that would cause Petitioner to be released from her present "confinement" at Lynnhurst Nursing Home. For the reasons discussed below, the Court concludes that Petitioner's claims for federal habeas corpus relief cannot be entertained at this time.

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a person in custody pursuant to state court proceedings, unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to

correct alleged federal constitutional errors raised by individuals in state custody. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a state detainee must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). The exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his claims at every available level of the state court appeal process. O'Sullivan, 119 S.Ct. at 1732 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

In this case, it is readily apparent that Petitioner has not exhausted her state court remedies. If Petitioner is being involuntarily detained by persons acting under color of state law, then she should be able to seek habeas corpus relief in state court under Minn. Stat. §§ 589.01 et seq.[2] See State ex rel. Anderson v. U.S. Veterans Hospital, 128 N.W.2d

---

[2] Minn.Stat. § 589.01 provides that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued

710, 714 (Minn. 1964) (recognizing that a civilly committed patient may challenge the constitutionality of his confinement through state habeas corpus procedures). Furthermore, a state trial court order denying a habeas corpus petition can be appealed to the Minnesota Court of Appeals. Minn.Stat. § 589.29. If the Court of Appeals does not grant relief, further review can be sought in the Minnesota Supreme Court. Minn. R. App. P. 117.

Sammarco seems to believe that Petitioner should be excused from the exhaustion of state remedies requirement, because she (Sammarco) has been unsuccessful in various state court proceedings that she has pursued in the past. Sammarco does not suggest, however, that any of the present claims for relief, relating to Petitioner's most recent "confinement," have been considered by the state courts. Sammarco's lack of success in other legal actions in the past does not obviate the need to present Petitioner's current claims to the state courts before presenting them here. See, Engle v. Issac, 456 U.S. 107, 130 (1982) (state habeas petitioner cannot be excused from exhaustion of state remedies requirement "simply because [the petitioner] thinks [the State courts] will be unsympathetic to [his] claim").

In sum, the Court concludes that Petitioner has not satisfied the exhaustion requirement imposed by 28 U.S.C. § 2254(b), because there are still state court remedies

---

upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint. For purposes of this section an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution." (Emphasis added.)

available to her for the claims she is attempting to present here. Therefore, Petitioner's current application for federal habeas corpus relief cannot be entertained at this time. The instant petition must be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases, because it plainly appears on the face of the petition that Petitioner is not currently entitled to the relief she is seeking. The petition will be dismissed without prejudice, however, so that Petitioner can bring her federal constitutional claims back to federal court, if necessary, after all such claims have been fairly presented to, and decided on the merits by, the Minnesota state courts, (including the Minnesota Supreme Court). See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied, 510 U.S. 839 (1993).[3]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE.**

Dated: September 28, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

[3] If Petitioner does find it necessary to seek further relief in federal court after she has fully exhausted all of her state court remedies, she should make a concerted effort to describe her constitutional claim(s) for relief with much greater specificity and clarity. Even if her current petition could properly be entertained here, it is difficult to imagine that any relief could be granted, for the simple reason that Petitioner's claims are (for the most part) incomprehensible.

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by OCT. 17, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.